UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re

Robert D. Morgan and
Lakeashah S. Morgan,                                    Case No. 18-24459-bhl-13

                     Debtors.

## DECISION

## INTRODUCTION

       Debtors Robert D. and Lakeashah S. Morgan wish to pay a secured creditor, Get It Now LLC, through their confirmed chapter 13 plan. Unfortunately, despite getting notice of the debtors' bankruptcy, Get It Now failed to file a proof of claim within the time allotted it by Rule 3002(c), and the debtors failed to file one on the creditor's behalf within the time allotted them by Rule 3004. No one, including the chapter 13 trustee, appears to have noticed these failures, and the court confirmed the debtor's proposed plan, which provided for payments to Get It Now.

       The lack of a timely proof of claim came to light two months later. The debtors then filed both a "Motion to Enlarge Time to File Proof of Claim" and a proof of claim on Get It Now's behalf. The chapter 13 trustee objected to the debtors' motion and filed a claim objection to the newly-filed proof of claim. On January 16, 2019, the court issued an oral decision, denying the debtors' motion to enlarge time and sustaining the trustee's claim objection. This decision memorializes and supplements the court's oral decision and January 17, 2019 minute order.

## BACKGROUND

       The debtors filed a chapter 13 petition on May 4, 2018. With their petition, they filed a "matrix" or list of their creditors, as required by 11 U.S.C. §521(a)(1)(A), and a completed Official Form 106D, "Schedule D: Creditors Who Have Claims Secured by Property." In both documents, the debtors identified Get It Now as a secured creditor. On May 9, 2018, the clerk, through the Bankruptcy Noticing Center, sent notice of the debtors' bankruptcy filing to all the listed creditors, including Get it Now. The notice informed creditors of the July 13, 2018 deadline for non-governmental creditors to file proofs of claim.

       On May 18, 2018, the debtors filed a proposed chapter 13 plan using the local model plan form. *See* Local Rule 3015(a). In section 3.2 of the plan, the debtors proposed to pay three different Get It Now secured claims in full, but without interest. On June 26, 2018, the chapter 13 trustee objected to the debtors' plan. Among other things, the trustee objected that the debtors

had not served the plan on Get It Now properly and had not provided for adequate protection payments to Get It Now.[1]

In response, on July 27, 2018, the debtors filed a notice and request to amend their unconfirmed plan. The amendment increased their monthly plan payment and changed their treatment of Get It Now's claims. As to the latter, the amendment provided that "Debtors will pay Get It Now a total of $3,377.00 together with 3% interest for household goods purchased. Pre-confirmation the Trustee shall make adequate protections payment [sic] of $50.00 monthly." CM-ECF Doc. No. 17.

On August 22, 2018, the trustee recommended confirmation of the amended plan. By this time, the proof of claim deadline had passed and Get it Now still had not filed a proof of claim. On September 18, the court entered an order confirming the amended plan.

Two months later, on October 22, 2018, the debtors made two filings. First, they filed a proof of claim, designated as proof of claim number 8, on behalf of Get It Now. The substance of the proof of claim matched the debtors' treatment of Get It Now in their amended plan. Second, they filed a "Motion to Enlarge Time to File Proof of Claim." The motion acknowledged that Get It Now had failed to file a proof of claim by the July 13, 2018 deadline and that the debtors had failed to file a proof of claim on Get It Now's behalf within the 30 additional days allowed them by Rule 3004. The debtors nevertheless argued that Get It Now's claim should be allowed.

On October 31, 2018, the chapter 13 trustee objected to the debtors' motion. The trustee contended that the debtors had not established excusable neglect sufficient to justify a post-expiration extension of the Rule 3004 deadline. On November 15, 2018, the trustee objected to proof of claim number 8. The debtors never responded to the claim objection.

## ANALYSIS

### A. Rule 3002 requires a chapter 13 secured creditor to file a timely proof of claim to have its claim allowed.

Bankruptcy Rule 3002 governs the filing of proofs of claim. Under Rule 3002(a), a secured creditor must file a proof of claim to have its claim allowed and thus participate in payments under a chapter 13 plan. *See In re Pajian*, 785 F.3d 1161 (7th Cir. 2015). Prior to *Pajian*, courts debated whether this requirement applied only to unsecured creditors. In *Pajian*, the Seventh Circuit confirmed that Rule 3002 required both secured and unsecured creditors to file proofs of claim. The rule was amended in 2017 to clarify that the Seventh Circuit's ruling was correct. As amended, Rule 3002 now provides:

(a) Necessity for Filing. A secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to

---

[1] Understandably, the trustee's objection made no mention of Get It Now's failure to file a proof of claim. At the time of the trustee's objection, the bar date for non-governmental creditors to file proofs of claim was still nearly three weeks off.

be allowed, except as provided in Rules 1019(3) [dealing with proofs of claim filed prior to conversion from another chapter], 3003 [chapter 9 and 11 cases], 3004 [proofs of claim filed by debtor or trustee], and 3005 [proofs of claim filed by codebtors]. A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim.

Fed. R. Bankr. P. 3002(a).

This district's local chapter 13 plan form acknowledges this requirement. In Part 1, the form states, "a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan." Official Form Plan for the Eastern District of Wisconsin (emphasis in original). The debtors' confirmed plan contains this language.

The deadline for a creditor to file a proof of claim is governed by subsection (c) of Rule 3002. For non-governmental creditors in a chapter 13 case, proofs of claim must be filed not later than 70 days after the order for relief, subject to seven limited exceptions. *See* Fed. R. Bankr. P. 3002(c)(1)-(7). The lack of a timely-filed proof of claim is grounds for disallowance of a creditor's claim. *See* 11 U.S.C. §502(b)(9); *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015) (noting "[a] debtor may object – and a court must disallow the claim – if the creditor's proof of claim is not timely filed").

Here, Get It Now failed to file its proofs of claim timely. Seventy days from the order for relief was July 13, 2018 and Get it Now has still not filed a proof of claim. Under the plain terms of Rule 3002 and the Part 1 language in the form plan, Get It Now cannot have an allowed claim.

### B. The debtors make three arguments for allowing Get It Now's claims.

In their motion to enlarge time and at oral argument, the debtors offered three arguments for the allowance of Get It Now's claims: (1) the debtors' chapter 13 plan should be deemed to be an informal proof of claim; (2) Get It Now was entitled to be paid through the confirmed plan even though it failed to file a timely proof of claim; and (3) the debtors' failure to file a proof of claim timely for Get It Now was the result of excusable neglect.

### 1. The debtors' plan is not a timely filed "informal proof of claim."

In their motion to enlarge time, the debtors argue that their confirmed chapter 13 plan provides for treatment of the claim in full and thus "constitutes an informal proof of claim prior to the 30-day time limit." But a plan is not a proof of claim; informal or otherwise. Rule 3001(a) provides that a proof of claim "shall conform substantially to the appropriate Official Form." This district's Official Plan Form bears no resemblance to the official form for a proof of claim. Nor is there any evidence that the debtors or anyone else intended their plan to be a proof of claim.

While a creditor's attempt to file a claim on something other than the official form, like a *pro se* creditor's handwritten letter requesting payment, might warrant treatment as an "informal" proof of claim, the plan form filed by the debtors in this case does not remotely call

for such treatment. And the court will not rewrite the code and rules to avoid Rule 3002. *See In re Burns*, 566 B.R. 918, 922 (Bankr. N.D. Ind. 2017) (rejecting creditor's argument that confirmed plan constituted informal proof of claim).

Moreover, even if a chapter 13 plan could be transmuted into a proof of claim, procedural issues would remain. Get It Now did not sign the plan; it was signed by counsel for the debtors. It therefore could not be a proof of claim filed by Get It Now; at best it would have to be treated as an informal proof of claim filed by the debtors on Get It Now's behalf. This creates an additional problem. While Rule 3004 provides a 30-day window for debtors to file proofs of claim on behalf of creditors who fail to do so, that window does not open until after the creditor fails to timely file a proof of claim itself. The debtors' plan was filed on May 18, 2018, *before* the deadline for Get It Now to file a proof of claim (July 13, 2018) had passed and, thus, before the debtors' window to do so had opened.

## 2. The court's confirmation of the debtor's plan does not obviate the need for Get It Now to file a proof of claim.

The debtors also maintain that Get It Now's claims should be allowed because the court confirmed the debtors' chapter 13 plan, which provided for payments to Get It Now. Citing the Seventh Circuit's *Pajian* decision and bankruptcy court cases from the Southern District of New York, *In re Dumain*, 492 B.R. 140 (Bankr. S.D.N.Y. 2013), and the District of New Jersey, *In re Dennis*, 230 B.R. 244 (Bankr. D.N.J. 1999), the debtors argue that secured creditors are entitled to be paid through a confirmed plan even when they fail to file timely proofs of claim. While the terms of a confirmed plan might be a defense to an otherwise valid claim objection, the confirmation order in this case actually precludes the debtors' argument here.

As an initial matter, contrary to the debtors' argument, *Pajian* does not stand for the proposition that confirmation of a debtor's plan makes it unnecessary for a creditor to file a proof of claim. In *Pajian,* the Seventh Circuit held that a secured creditor must file a proof of claim to have an allowed claim. 785 F.3d at 1164. The correctness of this principle was underscored by the 2017 amendments to Rule 3002. But the *Pajian* court said nothing about plan confirmation excusing the need to file a proof of claim. And, the *Pajian* court's citation of *Dumain* and *Dennis* does not suggest, as the debtors' argue, that the Seventh Circuit intended to adopt a rule that a proof of claim is unnecessary when the creditor's claim is treated in the debtor's plan. *Pajian* cited *Dumain* and *Dennis* merely as examples showing the disagreement among courts about whether secured creditors needed to file a proof of claim by the Rule 3002(c) deadline to have an allowed claim. Indeed, the Seventh Circuit could hardly have been clearer in stating that "[a] creditor must file a proof of claim in order to participate in Chapter 13 plan distributions." 785 F.3d at 1163.[2]

---

[2] Without citing the case, the debtors make arguments adopted by the court in *In re Hrubec*, 544 B.R. 397, 400 (Bankr. N.D. Ill. 2016). But this court declines to follow *Hrubec,* which circumvents the Seventh Circuit's rulings in *Pajian* by labeling them dicta, an approach that has drawn substantial criticism. *See In re Burns*, 566 B.R. 918, 920 (Bankr. N.D. Ind. 2017); *In re Heft*, 564 B.R. 389, 397-98 (Bankr. C.D. Ill. 2017).

In certain circumstances, a confirmed plan's treatment of a secured creditor's claim can trump a creditor's failure to file a proof of claim. In *In re Kitzerow*, 573 B.R. 766 (Bankr. W.D. Wis. 2017), Judge Furay in the Western District of Wisconsin held that the trustee was obligated to pay amounts to a creditor consistent with a confirmed plan even where the creditor had not filed a timely proof of claim. Judge Furay reasoned that confirmation of the plan "allowed" the secured claim to the extent provided for in the plan. Similarly, this court recently overruled a chapter 12 trustee's objection to untimely proofs of claim based on an order confirming a chapter 12 plan. *See In re Wulff*, No. 17-31982-BHL-12 (Bankr. E.D. Wis. Feb. 11, 2019). The plan in *Wulff* specifically provided for the payment of the secured creditor's claims, and the court confirmed the plan, with the trustee's express recommendation, even though the secured creditor's proof of claim had not been timely filed. In those circumstances, the trustee was bound by the confirmation order and, having never appealed the confirmation order, could not later object to the creditor's proof of claim as untimely.

The plan and confirmation order in this case are different than those in *Kitzerow* and *Wulff* in one critical respect. The debtors here used the district's local plan form, which conditions the right to receive payments from the trustee on the filing of a timely proof of claim. Our form plan provides, "[i]n addition, a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan." Official Form Plan for the Eastern District of Wisconsin (emphasis in original). This provision qualifies the other provisions in the plan, including those terms that provide for payments to Get It Now. And, the court's confirmation order binds the debtors and Get it Now to this requirement. Because no proof of claim was timely filed, Get It Now may not receive payments from the trustee.

### 3. The debtors have not shown excusable neglect sufficient to warrant enlargement of the already passed Rule 3004 deadline.

The debtors' last argument is that the court should extend the time for the debtors to file a proof of claim on Get It Now's behalf. As noted above, debtors who wish to pay a creditor's claim through their plan are not left helpless if a creditor fails to file a proof of claim. Rule 3004 gives them a 30-day window, after the creditor fails to file a proof of claim, to file a proof of claim on the creditor's behalf.

Here, the debtors did not act within this 30-day window, which opened on July 14, 2018 and closed on August 13, 2018. They waited until October 22, 2018 – more than two months after Rule 3004's deadline expired – to file a proof of claim on Get It Now's behalf and to request an enlargement of the Rule 3004 deadline.

A request to enlarge a deadline established in a bankruptcy rule is governed by Rule 9006(b). Under Rule 9006(b)(1), the court can generally extend a deadline "for cause," if the party seeking the extension asks *before* the applicable deadline expires. If the request is made after the deadline has passed, Rule 9006(b)(1) permits enlargement only if the moving party establishes "excusable neglect." *In re Schuster*, 428 B.R. 833, 837 (Bankr. E.D. Wis. 2010) (noting "if a debtor or trustee fails to file a claim for a creditor within the time provided by Rule

3004, under a literal reading of the Rules, they may request an extension after the fact, if the debtor or trustee can establish cause and demonstrate excusable neglect").

The Supreme Court has described "excusable neglect" as an equitable standard that requires the court to take account of "all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Court identified four non-exclusive factors that a court should weigh in analyzing excusable neglect: (1) prejudice to the opposing party; (2) the length of delay and potential impact on proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) the movant's good faith. A party seeking to enlarge a deadline that has already expired under Rule 9006(b)(1) must also explain why the party did not seek an enlargement before the deadline expired. Otherwise, the court risks ignoring the distinction between the lesser standard of granting an extension for "cause" and the higher level of proof required to show "excusable neglect." *See, e.g., In re Duarte*, 146 B.R. 958, 962 (Bankr. W.D. Tex. 1992) ("Debtors especially are cautioned to bear in mind that they will have a heavy burden to meet in order to establish cause and excusable neglect in order to file a claim for a creditor after the deadline imposed by Rule 3004.").

At the preliminary hearing, the debtors argued that they could not have filed the proof of claim for Get It Now prior to August 13, 2018, because they did not have necessary documents to attach to the proof of claim as required by Rule 3001(c). They contend this constitutes excusable neglect sufficient to enlarge the Rule 3004 deadline even after it has passed. The trustee contends this is not excusable neglect.

There are several holes in the debtors' excusable neglect argument. First, it is not at all clear that the debtors were precluded from filing a proof of claim for Get It Now within the Rule 3004 window. Even if they lacked a copy of the underlying documents supporting the claim, Rule 3001(c) allows for the filing of a proof of claim without the supporting documentation. The debtors would simply have been required to include a statement explaining why they no longer had a copy of the writing supporting the claim. Fed. R. Bankr. P. 3001(c)(1). And, even assuming the debtors were waiting to get copies from Get It Now, they have not explained why that would have prevented them from seeking an enlargement *before* the deadline expired. A timely motion – made before the Rule 3004 deadline passed – explaining that the debtors needed extra time to receive documentation from the creditor, would have satisfied the less rigorous "for cause" standard in Rule 9006(b)(1). The debtors' failure to explain why they did not seek an extension before the expiration of the original deadline is a major failing in the overall equitable "excusable neglect" analysis. *See In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004) (noting reason for delay is an "immensely persuasive" factor in Rule 9006(b) analysis). For these reasons, the court concludes the debtors have not established excusable neglect and their motion is denied.

## CONCLUSION

This situation could and should have been foreseen and avoided. Creditors need to be alert to the need to file a timely proof of claim to participate in payments under a chapter 13 plan.

If a creditor fails to act timely, and a debtor wishes to pay that creditor through the plan, the debtor needs to file a proof of claim for the creditor under Rule 3004. If a debtor can't file a proof of claim within Rule 3004's 30-day window, the debtor should request additional time before the 30-day time period expires. Neither Get It Now nor the debtors followed any of these paths here. For the reasons stated, the debtors' motion to enlarge time to file a proof of claim is denied and the trustee's objection to proof of claim number 8 is sustained.

Dated February 11, 2019,

_____
Brett H. Ludwig
United States Bankruptcy Judge